**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>ELIESER PEREZ-ASENCIO,<br><br>     Defendant. | Case No. 18CR3611-H<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE TERM OF IMPRISONMENT AND TO CONVERT INCARCERATION TERM TO HOME CONFINEMENT<br>(Doc. No. 23.) |

Pending before the Court is Defendant Elieser Perez-Asencio's ("Defendant") *pro se* motion to reduce his imprisonment term. (Doc. No. 23.) The Defendant's motion, when construed liberally[1], seeks to reduce his imprisonment term due to his age and medical circumstances under Title 18 U.S.C. § 3582(c)(1)(A) and seeks to convert his incarceration in a Bureau of Prisons ("BOP") facility to home confinement. (Id.) As of the date of this order, the Government has not filed a response to the Defendant's motion. For the reasons set forth below, the Court denies the Defendant's motion.

## Background

On September 6, 2018, the Defendant tendered a guilty plea before the Magistrate Judge for attempted reentry of a removed alien in violation of Title 8 U.S.C. § 1326 as

---

[1] "*Pro se* complaints and motions from prisoners are to be liberally construed." <u>United States v. Seesing</u>, 234 F.3d 456, 462 (9th Cir. 2000), as amended (Jan. 29, 2001).

charged in Count 1 of the Information. (Doc. No. 13.) The Defendant executed a written plea agreement (Doc. No. 15) and the Magistrate Judge issued a Findings and Recommendation recommending that this Court accept the Defendant's guilty plea. (Doc. No. 16.) On September 21, 2018, this Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 17.) On December 3, 2018, the Court sentenced the Defendant to a custodial term of 30 months followed by three years of supervised release. (Doc. Nos. 21 and 22.) On January 29, 2019, the Defendant filed a motion to reduce his term of imprisonment.[2] (Doc. No. 23.)

## Discussion

Title 18 U.S.C. § 3582(c)(1)(A), as cited by the Defendant, provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
    (1) in any case--
        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are

---

[2] The Defendant, in his motion, cites to U.S.S.G. §§ 5H1.1 and 5H1.4, which provides grounds for a sentencing departure under the Sentencing Guidelines due to a defendant's age (§ 5H1.1) and physical condition (§ 5H1.4.) However, the Defendant has already been sentenced in this case and the Court does not have inherent authority to resentence a defendant. United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), *cert. denied*, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted.) Accordingly, U.S.S.G. §§ 5H1.1 and 5H1.4 are inapplicable in this matter. Nevertheless, the Court liberally construes the Defendant's requests to be made under the relevant and legally permitted avenues for post-sentencing relief.

-2-

applicable, if it finds that--

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[3]

Although the Defendant has not provided any proof that he has exhausted all administrative rights to appeal a failure of the BOP to bring a motion nor has he shown that 30 days has lapsed from the receipt of such a motion by the warden, the Court assumes, without deciding, that the Defendant has met one of conditions and turns to the merits of the Defendant's motion.[4]

The Defendant points to his current age of 55 years as a basis for the Court to reduce his sentence. However, under § 3582(c)(1)(A)(ii), the Defendant clearly does not meet the requirements to reduce his sentence as he not at least 70 years of age, has not served at least 30 years of prison and the BOP has not made a determination that he is not a danger to the safety of any other person or the community. Accordingly, the Court concludes that the Defendant is not eligible for a reduction of his imprisonment

---

[3] A prior version of § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of Bureau of Prisons. The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (Gee, J.) (Discussing modifications made to § 3582(c)(1)(A) by the First Step Act); see also United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (Reeves, J.) (same).

[4] If the Defendant has not met either condition, the Court would deny the Defendant's motion without prejudice on the grounds that he has failed to demonstrate that he has met one of the two aforementioned conditions to bring his motion under § 3582(c)(1)(A).

term under § 3582(c)(1)(A)(ii).

The Court next to turns to the other provision of § 3582(c)(1)(A). Under § 3582(c)(1)(A)(i) a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." To determine what constitutes "extraordinary and compelling reasons," the Court turns to U.S.S.G. § 1B1.13. <u>Barber v. Ives</u>, No. 3:17-CV-01975-BR, 2018 WL 1002612, at *3 (D. Or. Feb. 20, 2018) (Brown, J.) ("Congress directed the United States Sentencing Commission to adopt a policy statement to guide a district court's discretion in determining when 'extraordinary and compelling reasons' exist to grant a reduction in sentence once such a motion is filed.") (citing Title 28 U.S.C. § 994(t)[5]).

To the extent the Defendant raises his age and medical circumstances as a basis to reduce his term of imprisonment, the Court turns to U.S.S.G. § 1B1.13 cmt. n.1(A) and (B) (Nov. 1, 2018) which provides:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>> (A) Medical Condition of the Defendant.--
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>> (ii) The defendant is--
>>>> (I) suffering from a serious physical or medical condition,
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>> (III) experiencing deteriorating physical or mental health

---

[5] Title 28 U.S.C. § 994(t) provides:
The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

The Defendant has not provided any medical records indicating that he is suffering from a terminal illness nor has he provided any medical records indicating that he is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to his age that would substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover as provided in U.S.S.G. § 1B1.13 cmt. n.1(A). Moreover, the Defendant does not qualify for a reduction of his sentence under U.S.S.G. § 1B1.13 cmt. n.1(B) because he is not at least 65 years of age, has not provided any medical records indicating that he is experiencing a serious deterioration in physical or mental health because of the aging process, and has not served at least 10 years or 75 percent of his or her term of imprisonment. Accordingly, the Court concludes that the Defendant is not eligible for a reduction of his imprisonment term under § 3582(c)(1)(A)(i).

Although the Defendant does not qualify for a reduction of his imprisonment term under § 3582(c)(1)(A), the Court may also "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" under § 3582(c)(1)(B). The Defendant's motion, when construed liberally, also includes a request to convert his sentence from incarceration in a BOP facility to home detention and could be construed as a request for the Court to modify his term of imprisonment "because the First Step Act expressly permits the Attorney General to release some or all eligible elderly offenders and eligible terminally-ill offenders from the BOP facilities to home detention" under Title

34 U.S.C. 60541. <u>Curry</u> at *2. However, as the Court in <u>Curry</u> explained, Title 18, U.S.C. § 3582(c)(1)(B) only "permits courts to modify an imposed term of imprisonment, not the method of incarceration" and Title 34 U.S.C. § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement. Title 18 U.S.C. § 3582(c)(1)(B) does not permit the Court to make such modification that has been delegated to the Attorney General's discretion by statute. Additionally, the Supreme Court has made it clear that "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b)." <u>Tapia v. United States</u>, 564 U.S. 319, 331 (2011). Accordingly, the Court declines the Defendant's request for such action under § 3582(c)(1)(B).

## <u>Conclusion</u>

After considering the Defendant's motion and applying the relevant law and legal standards in this matter and based on the current record, the Court DENIES the Defendant's motion to reduce his term of imprisonment under Title 18 U.S.C. § 3582(c)(1)(A) and DENIES his request to convert his incarceration in a BOP facility to home confinement under Title 18 U.S.C. § 3582(c)(1)(B) and Title 34 U.S.C. § 60541.

The Clerk is directed to send a copy of this order to the Defendant.

IT IS SO ORDERED.

DATED: <u>February 14, 2019</u>

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE